**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NAVEEN KUMAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-352-J |
| | ) | |
| JOSHUA JOHNSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Naveen Kumar, a noncitizen from India, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 2].  The matter was referred to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B), (C).  Judge Stephens issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release him.  Judge Stephens also recommends that Respondents be ordered to certify compliance within seven business days.  (Rep. & Rec.) [Doc. No. 12].  Respondents filed a timely objection (Obj.) [Doc. No. 13], triggering de novo review.  *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

For the reasons discussed below, the Report and Recommendation is ADOPTED and the Petition is GRANTED IN PART to the extent it alleges Petitioner's lack of bond hearing violates federal law.

**I.      Background**

Petitioner entered the United States in December 2022 and was shortly thereafter detained and released by Immigration and Customs Enforcement (ICE).  In November 2025, Petitioner was arrested for a traffic violation and ICE detained him again pending removal proceedings.  In his

Petition, Petitioner asserts that his continued detention without a bond hearing violates the Immigration and Nationality Act (INA) and his Fifth Amendment due process rights.[1]

## II.      Report and Recommendation

Upon review, Judge Stephens concluded that Petitioner is not seeking admission as contemplated under 8 U.S.C. § 1225(b)(2)(A) and thus 8 U.S.C. § 1226(a) controls his detention. As such, Petitioner's continued detention without a bond hearing violates the INA.  *See* Rep. & Rec. at 4-8.

## III.     Analysis

Respondents object to Judge Stephens' conclusion that § 1226(a) controls Petitioner's detention.

Initially, Respondents argue generally that § 1225(b)(2)(A) controls because Petitioner – like all immigrants who have been living in the United States – is an applicant for admission and the section unambiguously requires all applicants for admission to be subject to mandatory detention.  *See* Obj. at 3-9.  Although employing a de novo review, the Court declines to engage in a lengthy analysis on this general objection.  This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.  *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases). Others have disagreed, *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026); however, unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

---

[1] Because the Court grants Petitioner relief, it declines to address his constitutional claim.

Respondents also argue more specifically that Petitioner is an applicant for admission because (1) his ICE parole was terminated and (2) he applied for asylum. *See* Obj. at 9-14. The Court disagrees on both points.

First, Respondents argue that once Petitioner received his Notice to Appear, which effectively terminated his parole,[2] Petitioner's status reverted "to that of any ordinary applicant for admission to the United States" under 8 U.S.C. § 1182(d)(5)(A). Obj. at 9. But courts have rejected this theory, holding:

> [Section] 1182(d)(5)(A) does not state that a noncitizen is returned to the 'status' they held upon their parole, that they revert to status as an arriving alien, or that they must be detained. Rather, it states that, following the expiration of parole, the noncitizen shall (1) forthwith return or be returned to the custody from which he was paroled and (2) thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States. Neither of these requirements justify treating petitioner, who was paroled, as if he is arriving in the United States.

*Khubiev v. Baltasar*, No. 25-CV-03955-STV, 2026 WL 864237, at *5 (D. Colo. Mar. 30, 2026) (cleaned up). In other words, Petitioner's "detention . . . does not arise from any ongoing entry or inspection process, but from [ICE's] decision to place him in removal proceedings . . . . In that posture, detention is properly understood as detention 'pending a decision on whether the alien is to be removed,' which falls within Section 1226(a), notwithstanding Petitioner's initial classification at the time of entry." *Id.* (same); *see also Rafibaev v. Noem*, No. 26-CV-00461-PAB, 2026 WL 607559, at *4 (D. Colo. Mar. 4, 2026) (finding no merit in Respondents' argument that petitioner became an applicant seeking admission, for purposes of § 1225(b)(2)(A), simply because his ICE parole was terminated (collecting cases)); *Salgado v. Francis*, No. 25-CV-6524

---

[2] Judge Stephens found conflicting information regarding whether Petitioner was actually paroled, as that term is used in immigration proceedings, but found it irrelevant. *See* Rep. & Rec. at 2, note 4.

(VEC), 2026 WL 915304, at *5 (S.D.N.Y. Apr. 3, 2026) ("The Government's position – that 'Petitioner remains an applicant for admission, notwithstanding Petitioner's prior release on humanitarian parole, – is, in a word, poppycock." (collecting cases)).

Second, Respondents argue that Petitioner is an applicant seeking admission because he filed for asylum. *See* Obj. at 11-14. But again, this Court stands with those jurisdictions who have rejected this argument. *See Raj v. Anda-Ybarra*, No. CIV-26-125-D, 2026 WL 852093, at *1 (W.D. Okla. Mar. 27, 2026) ("Further, this Court has previously declined to find that . . . submitting an asylum application constitutes 'seeking admission' for purposes of § 1225(b)(2)(A)" (collecting cases)); *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *2 (W.D. Okla. Feb. 20, 2026) ("Respondents assert that Petitioner is seeking admission because he filed a Form I-589 asylum application during his removal proceedings. But this Court has previously rejected a similar argument."); *Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum.").

Having found § 1225(b)(2)(A) inapplicable to Petitioner, the Court agrees with Judge Stephens that § 1226(a) controls his detention. *See Maldonado v. Noem*, No. CIV-25-1379-J, 2026 WL 160950, at *2-3 (W.D. Okla. Jan. 21, 2026) (holding that because "Petitioner has been unlawfully living in the United States for many years without seeking admission, § 1225(b)(2)(A) does not apply, and § 1226(a), instead, controls Petitioner's detention."). And "[n]oncitizens detained under § 1226(a) are generally entitled to a prompt bond hearing before an immigration judge." *Id.* at 3. Here, Petitioner has not received a bond hearing, and Respondents raise no objection challenging their obligation to provide bond hearings for noncitizens under § 1226(a).

Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates § 1226(a) of the INA.

**IV.    Conclusion**

For the reasons above, the Court ADOPTS the thorough and well-reasoned Report and Recommendation [Doc. No. 12] on de novo review and GRANTS IN PART Petitioner's Petition in so far as it finds Respondents violated the INA.  Accordingly, the Court ORDERS Respondents to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner.  Respondents shall certify compliance within seven business days of this Order's date.

A separate judgment will enter.

IT IS SO ORDERED this 7th day of April, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE